<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I</td></tr>
</table>

|  |  |  |
|---|---|---|
| AIREKO CONSTRUCTION MANAGEMENT SERVICES, LLC<br><br>Demandante - Peticionaria<br><br>v.<br><br>JOSÉ NÚÑEZ CAMACHO, EMMA OSORIO RODRÍGUEZ, AMBOS POR SÍ Y COMO MIEMBROS DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Demandados – Recurridos | TA2026CE00542 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CG2023CV01640 (401)<br><br>Sobre:<br>Daños y Perjuicios, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una moción de relevo de una sentencia mediante la cual se desestimó una acción instada por un patrono en contra de un exempleado. Según se explica a continuación, no procede nuestra intervención, pues (i) la moción de relevo se presentó de forma tardía y (ii), de todas maneras, la moción de relevo no está disponible para plantear un asunto que debió y pudo ser traído antes de que la sentencia adviniese final y firme.

I.

En mayo de 2023, Aireko Construction Management Services LLC (el "Patrono") presentó la acción de referencia, sobre daños y perjuicios e incumplimiento de contrato (la "Demanda"), en contra del Sr. José Núñez Camacho (el "Empleado"), su esposa (Sa. Emma Osorio Rodríguez) y la sociedad de gananciales compuesta por ambos.

Es importante señalar que, anterior a la presentación de la Demanda, en octubre de 2022, el Empleado había presentado una acción civil contra el Patrono por despido injustificado (el "Caso Laboral", CG2022CV03502). Este caso se presentó, y se ha estado tramitando, por la vía ordinaria. No ha concluido aún.

Ahora bien, en la Demanda, el Patrono alegó que el Empleado, mientras trabajaba para este, le causó daños por haber realizado su trabajo, relacionado con un proyecto de construcción, de forma deficiente o negligente.

El Empleado solicitó la desestimación de la Demanda. Entre otros asuntos, arguyó que la Demanda "es esencialmente una reconvención compulsoria" que debió presentarse en el Caso Laboral.

En **enero de 2025**, el TPI dictó una Sentencia (la "Sentencia") mediante la cual desestimó la Demanda. El TPI razonó que la Demanda "es verdaderamente una reconvención compulsoria" del Caso Laboral. El TPI concluyó que, "al no haberla presentado a tiempo junto a la alegación responsiva del [Caso Laboral], Aireko renunció a la causa de acción que la motiva". El TPI también determinó que, como "todo lo alegado en esta demanda constituye una defensa y una reconvención que se pudo instar en el pleito activo que el empleado instó contra su patrono, imponemos honorarios por temeridad a la parte demandante por la cantidad de $4,000.00 ... ."

Luego de que el Patrono apelara la Sentencia, este Tribunal la confirmó (Sentencia de 26 de junio de 2025, KLAN202500221). Al igual que el TPI, este Tribunal concluyó que, como el Patrono "no presentó la reconvención compulsoria a tiempo junto a su contestación a la demanda en el [Caso Laboral], renunció a la causa de acción que intentó iniciar en contra del [Empleado] a través de la [D]emanda".

Luego de que, sin éxito, el Patrono solicitase al Tribunal Supremo que revisara la Sentencia de este Tribunal, la Sentencia advino final y firme.

Poco después, el **24 de abril de 2026**, el Patrono presentó ante el TPI una moción de relevo de sentencia (la "Moción"). Arguyó que el relevo se justificaba por "error" y "nulidad", atribuible a que el Patrono realmente estaba impedido de "presentar reclamaciones contra un ex empleado, como el señor Núñez, dentro del mismo caso en que el ex empleado" le reclama al Patrono por asuntos laborales, como despido injustificado.

Mediante una Resolución, notificada el 27 de abril, el TPI denegó la Moción.

Inconforme, el 1 de mayo, el Patrono presentó el recurso que nos ocupa. Insiste en que la Moción debió ser concedida porque, al emitir la Sentencia, el TPI "no consideró que el derecho vigente [le] prohib[ía] ... presentar [una] reconvención en el [Caso Laboral] porque ... en nuestra jurisdicción ello no sería permisible". Sostiene que ello implica que se justifica el relevo de la Sentencia "por error y nulidad". Disponemos[1].

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe

---

[1] En su oposición al recurso, el Empleado nos solicita que impongamos una sanción económica al Patrono. A pesar de considerar que el recurso del Patrono es patentemente inmeritorio, hemos determinado, en el ejercicio de nuestra discreción, denegar dicha solicitud.

ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

a) error, inadvertencia, sorpresa o negligencia excusable;
b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
d) nulidad de la sentencia;

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o

f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003). Se entenderá que una sentencia es nula cuando ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "**no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración**", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón*, 178 DPR a la pág. 541 (énfasis suplido); *Piazza Vélez v. Isla del Río*, 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

IV.

Concluimos que el TPI actuó correctamente al denegar la Moción. Veamos.

En primer lugar, la Moción se presentó de forma tardía. La Regla 49.2, *supra*, requería que la Moción se presentara "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado" la Sentencia. En este caso, sin embargo, la Moción se presentó más de un año después de notificada la Sentencia. Ello, por sí solo, es suficiente para concluir que la Moción era improcedente. Contrario a lo que sugiere el Patrono, una Sentencia no es "nula", ni es contraria al

"debido proceso", simplemente porque, supuestamente, el tribunal haya cometido un error de derecho, mucho menos cuando dicho asunto ni siquiera se le planteó oportunamente al TPI.

En segundo lugar, e independientemente de lo anterior, la Moción también es inmeritoria porque se pretende, mediante la misma, plantear un asunto que pudo y debió ser traído ante la consideración del TPI antes de emitida la Sentencia[2]. De hecho, la nueva "teoría" del Patrono gira precisamente en torno al asunto general que se dilucidó a través de la Sentencia: si el Patrono debió presentar su reclamación a través de una reconvención compulsoria en el caso laboral. Según arriba expuesto, la moción de relevo no constituye una llave maestra para reabrir controversias[3].

En fin, por ser correcta en derecho, hemos determinado no intervenir con la determinación del TPI de denegar la Moción.

V.

Por los fundamentos antes expuestos, se deniega expedir el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Incluso, el Empleado señala que esta nueva teoría sí fue presentada ante el Tribunal Supremo en ocasión de solicitarse la revisión de la sentencia de este Tribunal mediante la cual se confirmó la Sentencia.

[3] No tiene razón el Patrono al plantear lo contrario sobre la base de *Kemp v. US*, 596 US 528 (2022). Ello porque en dicho caso no se interpreta la Regla 49.2, *supra*, sino su equivalente en las reglas procesales federales. Este Tribunal está obligado por lo reiteradamente expuesto al respecto por el Tribunal Supremo de Puerto Rico, que es la autoridad máxima y vinculante en cuanto a la interpretación de estatutos locales, como la Regla 49.2, *supra*. En cualquier caso, no nos parece persuasiva la postura adoptada en *Kemp* sobre lo que debe ser el alcance del término "error" en este contexto.